UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUE SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF HARVEY, DET G. THOMAS, ) <br> DET. J. CROCKER, DET. L. BARBEE ) <br> AND UNKNOWN OFFICERS in their ) <br> individual capacities, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 24-cv-03611 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marque Smith ("Plaintiff") filed his Complaint against the City of Harvey, Detective G. Thomas ("Detective Thomas"), Detective J. Crocker ("Detective Crocker"), Detective L. Barbee ("Detective Barbee") and unknown officers in their individual capacities (detectives[1] and officers together, "Defendant Detectives") (collectively, "Defendants") alleging constitutional violations under 42 U.S.C. § 1983 against Defendants, 42 U.S.C. § 1985 against Detective Thomas and unknown officers, *Monell v. Department of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) claims against the City of Harvey, and state law claims against Defendants. Before the Court is Defendants' Rule 12(b)(6) motion to dismiss. For the following reasons, the Court grants Defendants' motion to dismiss [12] without prejudice.

---

[1] The Court acknowledges that Defendants' motion to dismiss states that the named detectives are officers, not detectives. For the purpose of resolving this motion, the Court will refer to the named individuals as detectives as named in Plaintiff's Complaint.

1

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving Defendants' motion to dismiss.

On December 1, 2013, at approximately 3:00 a.m., Aileen Lloyd ("Ms. Lloyd") was shot when two Black men in a 2009 black Jeep pulled to the side of her vehicle, pointed a handgun toward the vehicle, and started shooting. During the investigation, Ms. Lloyd described the assailant as a Black male with medium brown complexion with long dreadlocks. Ms. Lloyd informed Detective Thomas that her assailant went by the name "Quise."

On December 12, 2013, Harvey Police Officer Martinez detained Plaintiff based on the description provided by Ms. Lloyd. Plaintiff had long dreadlocks on the day he was arrested. Plaintiff was transported to the Harvey Police Station in Squad Car #2840. He was included in a physical lineup and identified by Ms. Lloyd as her assailant. Thereafter, Plaintiff was arrested and charged with aggravated battery with a firearm. He was eventually indicted on four counts of attempted murder and five counts of aggravated battery with a firearm.

As part of the continued investigation, Harvey Police officers recovered a Glock 40 handgun under the driver seat of Harvey Police Squad Car #2840, the same squad car that transferred Plaintiff to the Harvey Police Station, on or about December 17, 2013. The Glock 40 was discovered approximately five days after Plaintiff was transported in the car. On or about April 9, 2014, Ms. Lloyd recanted her identification of Plaintiff as her assailant to a private investigator. Plaintiff was later charged with unlawful use of a weapon without a valid FOID card in connection with the recovered Glock 40 on May 29, 2014, about five months after the Harvey Police officers discovered the Glock 40. Despite Ms. Lloyd's recantation, Plaintiff was still charged with the four counts of attempted murder and five counts of aggravated battery with a firearm.

Plaintiff remained in custody until Summer 2015 when he was able to post bond. All charges were dismissed against Plaintiff in August 2023. In May 2024, Plaintiff filed this lawsuit.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

## DISCUSSION

Defendants move to dismiss all counts of the Complaint. Before discussing Defendants' motion, the Court notes that Plaintiff asserts new fabrication of evidence arguments in his opposition brief that are not contained in his Complaint. Except in rare circumstances, a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *but see Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023) (holding that "a district court retains discretion to treat new claims presented for the first time in briefing as a constructive motion to amend" but noting that "[i]t will rarely be appropriate to do so"). In ruling on Defendants' motion, the Court will consider only facts as pled in the Complaint.

3

I. **Count I: Malicious Prosecution**

To state a claim for malicious prosecution under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must demonstrate that (1) he has satisfied the requirements of the state law malicious prosecution cause of action; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of his liberty. *Reed v. City of Chicago,* 77 F.3d 1049, 1051 (7th Cir. 1996). To state a claim for malicious prosecution under Illinois law, a plaintiff must allege "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Lund v. City of Rockford, Ill.,* 956 F.3d 938, 949 (7th Cir. 2020) (internal citation omitted). "The absence of any of these elements bars a plaintiff's malicious prosecution claim." *Beaman v. Freesmeyer,* 131 N.3d 488, 495, 433 Ill. Dec. 120, 127, 2019 IL 122654, ¶ 26 (Ill. 2019) ("*Beaman II*").

Defendants[2] first argue that Plaintiff's Complaint fails to identify the basis for its malicious prosecution claim. In his opposition, Plaintiff alleges that the malicious prosecution claim is properly asserted under the Fourth Amendment via Section 1983. At the outset, the Court determines that Plaintiff's Complaint clearly states that the malicious prosecution claim is brought under the Fourth Amendment (Dkt. 1, at ¶ 18).

Defendants also contend that Plaintiff's Complaint fails to allege sufficient facts to support a malicious prosecution claim. Plaintiff's Complaint alleges that Defendants instituted and continued legal proceedings against Plaintiff when they arrested him, signed complaints, and testified before a grand jury leading to indictments against Plaintiff. Plaintiff further contends that, despite a lack of evidence and no probable cause finding, Defendants insisted on continuing the prosecution of

---

[2] Plaintiff's Complaint asserts the malicious prosecution count against City of Harvey and Detective Thomas, but in supporting facts, Plaintiff puts forth allegations against all Defendants. For the purpose of resolving this count, the Court will construe the claim against all Defendants.

charges and filed new charges for the Glock 40 five months after the initially discovering the Glock 40.

"A malicious prosecution claim against police officers is an anomaly," because "the principal player in carrying out a prosecution is not the police officer, but the prosecutor." *Washington v. Summerville,* 127 F.3d 552, 559 (7th Cir. 1997). As such, "a plaintiff may not maintain a malicious prosecution claim against an arresting officer without first 'some postarrest action which influenced the prosecutor's decision to indict." *Colbert v. City of Chicago,* 851 F.3d 649, 655 (7th Cir. 2017) (citation omitted). Under Illinois law, the relevant injury is whether the police officers played a significant role in causing the commencement or continuance of the criminal proceeding. *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 79, 2021 WL 3204481, at *10 (Ill. 2021) ("*Beaman III*"); *Beaman II*, 131 N.E.3d at 499.

Here, Plaintiff does not allege sufficient factual allegations to support a malicious prosecution claim. Specifically, Plaintiff fails to allege how Defendants maliciously instituted or continued any legal proceedings against Plaintiff or took some postarrest action which influenced the prosecutor's decision. Plaintiff's allegations that Defendants "arrested [Plaintiff,] signed complaints, and testified before a grand jury leading to indictments against Plaintiff" does not show how these actions influenced the prosecutor's decision to indict Plaintiff. Indeed, a grand jury indictment defeats a claim of malicious prosecution against police officers because it breaks the chain of causation. *Colbert,* 851 F.3d at 655. Further, Ms. Lloyd's statement to Detective Thomas that her assailant went by the nickname "Quise" is not enough to sustain a malicious prosecution claim because Plaintiff does not allege that Detective Thomas took any action based on this statement, much less some postarrest action which influenced the prosecutor's decision to indict. Other than Ms. Lloyd's statement to Detective Thomas, Plaintiff makes no allegation of any personal involvement against any Defendant Detectives nor the City of Harvey to sustain a finding

5

of liability for the malicious prosecution. *See Colbert,* 851 F.3d at 657. Accordingly, the Court grants Defendants' motion to dismiss Count I.

## II. Count II: Conspiracy under 42 U.S.C. § 1985

To state a conspiracy claim under 42 U.S.C. § 1985 ("Section 1985"), a plaintiff must show that (1) two or more defendants conspired; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) one or more of the conspirators acted in furtherance of the conspiracy; and (4) such act injured a person or his property or deprived him of exercising any right or privilege of a citizen of the United States. *Munson v. Friske,* 754 F.3d 683, 694 (7th Cir. 1985). A plaintiff must show "some racial or perhaps otherwise class-based, invidiously discriminatory animus" to state a cause of action under Section 1985. *Id.* (internal citation omitted).

Defendants contend that Plaintiff's conspiracy claim fails because Plaintiff fails to show that Defendant Detectives were motivated by a discriminatory animus. Defendants also contend that Plaintiff failed to plead that Defendant Detectives acted in a joint venture to deprive Plaintiff of his constitutional rights. Plaintiff's Complaint alleges that Defendant Detectives reached an agreement to frame Plaintiff by charging Plaintiff with unlawful use of a weapon without an FOID card five months after the discovery of the Glock 40 and after Ms. Lloyd recanted her identification.

The Court finds that Plaintiff failed to sufficiently state a conspiracy claim under Section 1985. Importantly, Plaintiff fails to show a discriminatory animus on behalf of Defendant Detectives, as required under Section 1985. While Plaintiff offers *Walker v. White,* 2017 U.S. Dist. LEXIS 94511 (N.D. Ill.) (Shah, J.) in support of his position, the Court does not find *Walker* persuasive because the plaintiff in *Walker* brought his conspiracy claim under Section 1983, not Section 1985. *Walker,* 2017 U.S. Dist. LEXIS 94511, at *21-4. Accordingly, the Court grants Defendants' motion to dismiss Count II.

### III. Count III: Abuse of Process

Defendants argue that Plaintiff fails to plead facts to support the claim and that, if the abuse of process claim is based on Illinois state law, it is time-barred by the one-year statute of limitations from the date that the last act giving rise to the cause of action has accrued, here the commencement of the prosecution.[3] Plaintiff's Complaint contends that Defendants had an ulterior purpose or motive in charging Plaintiff with unlawful use of a weapon without an FOID card in May 2014, more than five months after the discovery of the Glock 40, as such actions were not proper in the regular prosecution of legal proceedings. Plaintiff also argues that the claim is not time-barred because the statute of limitations for abuse of process claims does not accrue until the termination of the criminal proceedings, which was August 2023.

Under Illinois law, to state a claim for abuse of process, a plaintiff must show (1) an ulterior motive and (2) an act in the use of the process that is improper in the regular course of the proceedings. *Kumar v. Bornstein,* 354 Ill.App.3d 159, 165 (2nd. Dist. 2004). Such actions are not favored under Illinois law, so the elements must be strictly construed. *Erlich v. Lopin-Erlich,* 195 Ill. App.3d 537, 539 (1st Dist. 1990). To satisfy the first element, the pleadings must show that defendants had an improper purpose for initiating the proceedings, such as extortion, intimidation, or embarrassment. *Neurosurgery & Spine Surgery, S.C. v. Goldman,* 339 Ill.App.3d 177, 183 (2nd Dist. 2003). As to the second element, a plaintiff must show that there was a misuse or perversion of the process of the court by defendants to accomplish a result which could not be accomplished through the suit itself. *Neurosurgery & Spine Surgery, S.C.*, 339 Ill.App.3d at 183. In other words, a plaintiff must show that the process was used to accomplish some result that is beyond the purview of the process. *See Cartwright v. Wexler, Wexler, & Heller, Ltd.,* 53 Ill.App.3d 983, 986 (1st Dist. 1977).

---

[3] Defendants' argument that the abuse of process claim is duplicative of the malicious prosecution claim is moot as the Court dismissed Plaintiff's malicious prosecution claim.

The Court finds that Plaintiff fails to plead facts to support the abuse of process claim. Plaintiff's Complaint puts forth bare, conclusory allegations to support his abuse of process claim. Specifically, Plaintiff fails to show that Defendants improperly initiated legal proceedings against Plaintiff for any purpose other than his conviction. Nor does Plaintiff demonstrate how filing the unlawful use of a weapon without a valid FOID charge five months after discovery of the Glock 40 was not proper in the regular prosecution of legal proceedings. Plaintiff's cited case in support of his argument, *Hill v. City of Harvey,* 2018 U.S. Dist. LEXIS 718 (N.D. Ill. 2018) (Kocoras, J.) is not relevant as Plaintiff has failed to plead any substantive facts to support an abuse of process claim. Simply restating the law without supporting facts is insufficient. *Knox Coll. v. Celotex Corp.,* 88 Ill. 2d 407, 424, 430 N.E.2d 976, 984 (Ill. 1981).

As the Court determines that Plaintiffs' abuse of process claim was insufficiently pled, the Court will not rule on the merits of the statute of limitations argument at this time.[4] Accordingly, the Court grants Defendants' motion to dismiss Count III.

### IV.     Count IV: *Monell* liability

Under *Monell*, a plaintiff must "prove that a municipality, either through an express policy or an implied policy of inaction, took 'deliberate' action that was the 'moving force' behind a constitutional injury." *Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022). A plaintiff must show either "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *See Story v. Dart*, No. 19-cv-2476, 2023 WL 2612622, at *6 (N.D. Ill. Mar. 23,

---

[4] The Court notes that if Plaintiff decides to amend his Complaint to replead the abuse of process claim, Plaintiff must put forward sufficient facts to show that the claim is not time-barred by the statute of limitations.

8

2023) (Seeger, J.). Where a plaintiff suffers no constitutional injury, there can be no *Monell* liability. *See Taylor,* 26 F.4th at 435.

Defendants argue that Plaintiff failed to plead any facts to show that the Defendant Detectives violated his constitutional rights. Plaintiff contends that his Complaint adequately pled the existence of a widespread practice of concealing and fabricating evidence within the Harvey Police Department through the specific examples citing the widespread practice, such as the 2023 Ezra Hill case where Defendant Thomas fabricated evidence to pin a crime on Hill.

The Court agrees with Defendants that Plaintiff has failed to show that he suffered a constitutional violation. While Plaintiff may have alleged a widespread practice of concealing and fabricating evidence by the Harvey Police Department, the bare, conclusory allegations in Plaintiff's Complaint fail to show that *his* civil rights were violated by this alleged practice. Accordingly, the Court grants Defendants' motion to dismiss Count IV.

## V.     Count V: Intentional Infliction of Emotional Distress

To state a cause of action for intentional infliction of emotional distress ("IIED") under Illinois law, a plaintiff must show that (1) the conduct involved is truly extreme and outrageous; (2) defendant either intended that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct caused severe emotional distress. *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 268-9 (Ill. 2003). To qualify as outrageous, the nature of defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society. *Feltmeier,* 207 Ill.2d at 274.

Defendants allege that Plaintiff's IIED claim is time-barred by the statute of limitations, which is one year from the date of Plaintiff's arrest. Defendants also contend that Plaintiff fails to plead any facts about the conduct of the Defendants as it relates to the arrest and indictment of Plaintiff, much less that the conduct was so extreme and outrageous to support an IIED claim.

9

Plaintiff contends that his IIED claim is not time-barred by the statute of limitations because the statute of limitations began to run when Plaintiff's criminal case was terminated, not on the date of his arrest. Plaintiff's Complaint alleges that Defendants' actions caused him severe emotional distress, which constitutes intentional infliction of emotional distress.

Defendants rely on *Bridewell v. Eberle,* 730 F.3d 672, 678 (7th Cir., 2013) in support of their statute of limitations argument. In *Bridewell*, the Seventh Circuit held that an IIED claim, under Illinois law, "in the course of arrest and prosecution accrued on the date of arrest." *Bridewell* 730 F.3d at 678. Courts in this district, however, have recognized that *Bridewell* left "open the possibility that a new IIED claim could arise based on events after an initial injury where there is an allegation that defendants acted with a 'freshly formed intention to cause emotional distress,'" *See Hill v., Chi.,* 2014 WL 1978407, at *3 (N.D. Ill. 2014) (Ellis, J.) Specifically, courts in this district have found that where a plaintiff can show that "any acts of intimidation occurred within the one-year limitations period and can be said to have been done with a 'freshly formed intention to cause emotional distress,'" such IIED claims are not time-barred. *Hill,* 2014 WL 1978407, at *4. It is unclear whether the facts, as pled, would support an IIED claim within the one-year statute of limitations period. Accordingly, the Court cannot determine whether the IIED claim is time-barred.

However, the Court agrees that, like the other counts in Plaintiff's Complaint, the facts supporting the IIED claim are deficient. Plaintiff's Complaint puts forth bare, conclusory statements of law, devoid of any facts supporting an IIED claim. *See Knox Coll.,* 88 Ill. 2d at 424 (Ill. 1981). Accordingly, the Court grants Defendants' motion to dismiss Count V due to deficient pleading.[5]

---

[5] Plaintiff may amend this claim if he believes that he has facts to support the existence of an IIED claim against Defendants within the applicable one-year statute of limitations as outlined in this Order.

### VI. Count VI: Indemnification

Defendants contend that the indemnification claim should be dismissed because it is not ripe until liability against the City of Harvey's employees has been established. Plaintiff responds that 745 ILCS 10/9-102 ("Section 9-102") does not require a finding of liability against the City of Harvey's employees prior to asserting an indemnification claim against the City of Harvey.

Seventh Circuit law is clear: a plaintiff can seek judgment against a municipality prior to the finding of liability that would take effect when and if judgment against its employees is entered. *Wilson v. City of Chicago,* 120 F.3d 681, 685 (7th Cir. 1997). While the Court will not dismiss the indemnification claim as premature, because all claims against Defendants are dismissed, the indemnification claim cannot stand alone. *See* 745 ILCS 10/9-102. If the Plaintiff decides to amend the allegations against Defendant Detectives, he may re-plead the indemnification claim. Accordingly, the Court grants Defendants' motion to dismiss Count VI.[6]

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss [12] without prejudice. Plaintiff is granted leave to amend his complaint within 21 days if he has a good faith basis for believing he can cure the pleading deficiencies identified in this opinion. If Plaintiff does not file his amended complaint within 21 days from the date of this Order, Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 2/7/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[6] The Court will not address the parties' supplemental jurisdiction argument as such argument is moot in light of the Court's ruling.