UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUE SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-cv-03611 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF HARVEY, DET. G THOMAS, ) | |
| DET. J. CROCKER, DET. L. BARBEE, ) | |
| And UNKNOWN OFFICERS in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marque Smith ("Smith") brings claims against the City of Harvey, Detective G. Thomas ("Detective Thomas"), Detective J. Crocker ("Detective Crocker"), Detective L. Barbee ("Detective Barbee") and unknown officers in their individual capacities (detectives[1] and officers, and together, "Defendant Detectives") (collectively, "Defendants") alleging constitutional violations under 42 U.S.C. § 1983 and state law tort claims against Defendants. The Court dismissed Smith's initial complaint without prejudice and granted Smith leave to amend his complaint [19]. Smith subsequently filed his amended complaint (the "Complaint") [20].

Before the Court is Defendants' 12(b)(6) motion to dismiss Smith's Complaint. For the following reasons, the Court grants in part and denies in part Defendants' motion to dismiss [24]. Plaintiff is granted leave to file a second amended complaint within 21 days if he has a good faith basis to believe he can cure the deficiencies identified in this opinion as to the dismissed claims.

---

[1] Defendants' motion to dismiss states that the named individuals are officers, not detectives. For the purpose of resolving this motion, the Court will refer to these individuals as detectives as they were named in Plaintiff's complaint.

**BACKGROUND**

    I.    **Underlying Incident and Investigation**

The following facts are taken as true for the purposes of this opinion. The relevant background begins December 1, 2013, when Harvey police officers were dispatched to the site of a car crash. (Dkt. 1) ¶ 6. The driver, Aileen Lloyd, told police that at approximately 3:00 am that morning, two Black men in a 2009 black Jeep pulled alongside her vehicle, pointed a handgun at her and her passenger, and started shooting. *Id.* Lloyd was struck by gunfire twice in her left arm. *Id.* ¶ 9. The assailants chased Lloyd as she sped away, causing her to crash into a guard rail. *Id.* ¶ 6. After the crash, the men approached her vehicle "asking questions," then abandoned the Jeep and absconded in another vehicle. *Id.* ¶¶ 7–8.

Lloyd described one of the assailants as a Black male wearing a black hat and black jacket, with "medium brown" complexion and long dreadlocks. *Id.* ¶ 14. At the scene of the shooting, police found three .40 caliber Smith and Wessen shell casings. *Id.* ¶ 10. Inside the abandoned Jeep officers found an Illinois I.D. card belonging to a "Gregory Roper." *Id.* ¶ 11. The Jeep was registered to a Devon Ellis, who informed police that the vehicle had been stolen. *Id.* ¶ 13. Police searched for Roper and followed him into a residence, where they found a .9mm Intratech semi-automatic pistol and a .40 caliber Smith and Wesson semi-automatic pistol. *Id.* ¶¶ 15, 17. Despite the information police collected, neither Roper nor Ellis was arrested or charged in connection with the shooting. *Id.* ¶¶ 18, 21.

Three days later Lloyd informed Detective Thomas that she overheard two individuals apparently discussing the shooting and learned that "Chief Keef's former manager" may have shot at her. *Id.* ¶¶ 19–20. She brought Detective Officers a photo she found on the Internet of a person whom she believed to be the suspect. *Id.* ¶ 4. Meanwhile, Detective Thomas claimed that he spoke with an anonymous individual who provided Smith's name in connection with the shooting. *Id.* ¶ 19.

Detective Officers told Lloyd that "Marque Smith [was] the person she [was] looking to identify." *Id.* ¶ 4.

## II. State Prosecution of Smith

Harvey Police Officer Martinez arrested and detained Smith on December 12, 2013. *Id.* ¶ 47. Lloyd identified Smith as her assailant in a lineup at the police station the next day. *Id.* ¶ 48. Smith was the only individual in the lineup with long hair. *Id.* ¶ 23. Officers discovered a Glock 40 handgun on December 17, 2013 under the driver seat of Harvey Police Squad Car #2840, the same squad car that transferred Smith to the police station after his arrest. *Id.* ¶¶ 50–51. However, the shell casings located at the scene of the shooting did not match the Glock 40 handgun. *Id.* ¶ 54.

Several months later Lloyd recanted her identification of Smith to the Harvey Police Department and the Cook County State's Attorney. *Id.* ¶ 56. Despite the recantation, Smith was indicted on four counts of attempted murder and five counts of aggravated battery with a firearm. *Id.* ¶ 49. On May 29, 2014, seven months after his initial arrest and five months after officers recovered the Glock 40, Smith was charged with unlawful use of a weapon without a valid Firearm Owner's Identification ("FOID") card. *Id.* ¶ 59.

Smith remained in police custody for nearly two years, when he was able to post bond. *Id.* ¶ 58. The charges against Smith for attempted murder and aggravated battery were dismissed on May 26, 2022. *Id.* ¶ 31. The unlawful use of a weapon and all related charges against Smith were dismissed on August 24, 2023. *Id.* ¶ 32. Smith now brings this action against Defendant Detectives and the City of Harvey for violating his constitutional rights under § 1983.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Therefore, when considering such a motion, the Court accepts well pleaded factual allegations

as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

**DISCUSSION**

**I.     Count I: Malicious Prosecution**

To state his claim under the Fourth and Fourteenth Amendments for malicious prosecution under 42 U.S.C. § 1983, Smith must demonstrate that (1) he has satisfied the requirements of the state law malicious prosecution cause of action; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of his liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Illinois law requires Smith to show "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Lund v. City of Rockford, Ill.*, 956 F.3d 938, 949 (7th Cir. 2020) (internal citation omitted). "The absence of any of these elements bars a plaintiff's malicious

4

prosecution claim." *Beaman v. Freesmeyer*, 131 N.3d 488, 495, 433 Ill. Dec. 120, 127, 2019 IL 122654, ¶ 26 (Ill. 2019).

The U.S. Supreme Court recognized that a claim of malicious prosecution is a cognizable claim under the Fourth Amendment[2] (sometimes referred to as "a claim for unreasonable seizure pursuant to legal process"). *Thompson v. Clark*, 596 U.S. 36, 42, 142 S. Ct. 1332, 1337, 212 L. Ed. 2d 382 (2022). Defendants argue that Smith's malicious prosecution claim must be dismissed because there was probable cause to arrest Smith based on Lloyd's identification. (Dkt. 24) at *7–8. Defendants rely on *Coleman v. City of Peoria*, 925 F.3d 336 (7th Cir. 2019), in support of their argument. In *Coleman*, the plaintiff claimed that the officer defendants lacked probable cause to arrest him because they knew that a witness had given a false statement, and that identifications of plaintiff were tainted. *Coleman*, 925 F.3d at 351. In affirming summary judgment in favor of the defendants, the Seventh Circuit found that the identifications, "even if questionable, were enough to give defendants probable cause to arrest." *Id.*

Here the circumstances are different. Detective Defendants could not have relied on Lloyd's identification in arresting Smith because the lineup took place the day *after* Smith's arrest. (Dkt. 20) ¶¶ 47–48. In any event, in a malicious prosecution action against police officers, "the pertinent time for making the probable cause determination is the time when the charging document is filed, rather than the time of the arrest." *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011) (citing *Porter v. City of Chicago*, 912 N.E.2d 1262, 1274 (Ill. App. 2009)). Defendants do not claim that there was

---

[2] Defendants argue in their motion that a malicious prosecution claim under the Fourteenth Amendment is not a cognizable claim. That argument is misplaced. Smith does not bring a separate malicious prosecution claim solely under the Fourteenth Amendment. The procedural protections afforded by the Fourth Amendment are made applicable to the states through the Fourteenth Amendment, with the same constitutional standards governing the states as govern the federal government. *See Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. Section 1983 establishes a cause of action for violations of the Fourteenth Amendment, which, in turn, proscribes violations of the Fourth Amendment by state actors. Thus, the Court need only address whether Smith may maintain a malicious prosecution action under the Fourth Amendment, as applied to the states.

probable cause to charge Smith, and even if the Detective Defendants had probable cause to arrest Smith, it would not bear upon the viability of his malicious prosecution claim.

"Probable cause" is "a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Adams v. Sussman & Hertzberg, Ltd.*, 292 Ill.App.3d 30, 43, 225 Ill.Dec. 944, 684 N.E.2d 935 (1997). A malicious prosecution claim requires the absence of probable cause. Such a claim against police officers is often "anomalous," because "the State's Attorney, not the police, prosecutes a criminal action." *Reed v. City of Chicago*, 77 F.3d at 1053. Thus, to maintain a malicious prosecution claim against police officers, there must be a "chain of causation" linking the officers to prosecutors' ultimate decision to charge. *Colbert*, 851 F.3d at 655.

The "chain of causation … is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers …." *Id.* There must then be "some postarrest action" by the officer "which influenced the prosecutor's decision to indict." *Id.* (citation omitted). Courts in this District have upheld malicious prosecution claims against officers where plaintiffs alleged that defendant officers "concealed evidence" that was "inculpatory" to another suspect and "exculpatory" to the plaintiff, "which, therefore, influenced the prosecutor's decision to indict [the] plaintiff." *See Casciaro v. Von Allmen*, No. 17-cv-50094, 2018 WL 4030583, at *12 (N.D. Ill. Aug. 23, 2018) (Reinhard, J.); *see also Williams v. City of Chicago*, No. 22-cv-03773, 2023 WL 6388891, at *9 (N.D. Ill. Sept. 29, 2023) (Jenkins, J.) (an officer "might be liable if he knowingly … conceals exculpatory information … [or] engages in wrongful or bad-faith conduct instrumental in the initiation of the prosecution").

Smith alleges the following events: Detective Defendants told Lloyd that Smith was her assailant, failed to accurately report Lloyd's statement to prosecutors, and failed to provide them the photo of the person whom she believed shot at her. After Smith had already been arrested, Detective

6

Thompson conducted the suggestive lineup in which Smith was the only individual with long hair. Detective Defendants "interviewed at least two possible suspects with ties to physical evidence in this case"—including an identification card and weapon matching the type of shell casings from Roper, and the abandoned Jeep registered to Ellis—but did not pursue the leads further. (Dkt. 20) ¶ 44. Defendant Detectives "fabricated" a connection between Smith and the Glock 40 found in Squad Car #2840, despite the lack of evidence that it belonged to him. *Id.* ¶ 30. The additional charge of unlawful use of a weapon was brought only after Lloyd recanted her identification of Smith for the initial charges. *Id.* ¶ 28–29. Defendant Detectives were previously "aware" of Smith "because of his long-standing ties to Harvey" and "believed him to [be] criminally connected in some way," *Id.* ¶ 46, thus motivating them to build a sham case against him.

To show influence on prosecutors, Smith claims that Detective Defendants "did not present all their investigation or lack thereof to the State's Attorney Office," particularly "information about uncertainty of the identification of [Smith]." *Id.* ¶ 25. The Court is required at this stage to draw all reasonable inferences in favor of Smith, and one could infer that the information withheld would have weighed against indicting him. Taking the allegations in the Complaint as true and drawing all inferences in favor of Smith, he has alleged that leading up to the commencement of criminal proceedings against him, Detective Defendants identified evidence that implicated other suspects and failed to identify evidence that would have implicated Smith. At the motion to dismiss stage, that is sufficient. The Court accordingly denies Defendants' motion to dismiss Count I.

**II.  Count II: Conspiracy under 42 U.S.C. § 1983**

Defendants argue that Count II for conspiracy under § 1983 must be dismissed as duplicative of Count III for violations of the Fourteenth Amendment under § 1983. (Dkt. 24) at *9. As an initial matter, the Court finds that Counts II and III are not duplicative. It is true that conspiracy under § 1983 "is not an independent basis for liability" and "requires that the plaintiff show an underlying

7

constitutional violation." *See Fulton v. Bartik*, 547 F. Supp. 3d 799, 817 (N.D. Ill. 2021) (Lefkow, J.) (citing *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008)). But the requisite underlying constitutional violation and the conspiracy claim are legally distinct and consist of different elements. "Even if there is overlap in their factual or legal underpinnings, there is nothing that prevents a party from asserting multiple but legally distinct claims that arise from the same events." *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proc.*, No. 14-cv-01748, 2017 WL 1836443, at *6 (N.D. Ill. May 8, 2017) (Kennelly, J.).

To prevail on his conspiracy claim, Smith "must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). A specific agreement "may need to be inferred … for conspirators rarely sign contracts." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). An agreement is sufficiently alleged where the allegations "raise the inference of mutual understanding" because the actions were "unlikely to have been undertaken without an agreement." *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). However, the allegations must set forth "the specific defendants, the approximate time period of the conspiracy, and the general purpose of the conspiracy." *See also Fulton*, 547 F. Supp. 3d at 817 (internal citation omitted); *cf. Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (affirming dismissal where the "form and scope of the conspiracy" were "almost entirely unknown").

The Court finds that Smith adequately alleged a conspiracy under § 1983. In his opposition to Defendants' motion, Smith refers to allegations specifying "the parties (Known and Unknown Harvey Police Officers), general purpose (to try and get Plaintiff convicted rather than admit their mistakes), and the approximate date of the conspiracy (Dec 5, 2013 to August 2023)." (Dkt. 27) at *8. Those details are sufficient to put Detective Defendants on notice of Smith's conspiracy claim, and Smith was not required to plead with more specificity to survive a motion to dismiss. *See*

8

*Hoskins v. Poelstra*, 320 F.3d 761, 765 (7th Cir. 2003) (conspiracy is not among matters that "must be pleaded with particularity"); *see also Lakefront Pictures, LLC v. Ancel*, No. 24-cv-01108, slip op. at 6 (N.D. Ill. Aug. 18, 2025) (Cummings, J.) (allegations that identified the parties, general purpose, and approximate date of the conspiracy were sufficient to survive a motion to dismiss); *Williams v. Metra Police Dep't*, No. 21-cv-02347, slip op. at 5 (N.D. Ill. Apr. 30, 2025) (Wood, J.) (similar). The Court therefore denies Defendants' motion to dismiss Count II.

### III. Count III: Deprivation of Due Process under 42 U.S.C. § 1983

The bases for Smith's due process claim are allegations that Detective Defendants "deprived Plaintiff of his constitutional right to a fair process and be wrongfully imprisoned." (Dkt. 20) ¶ 75.

"[Section 1983] is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). The Supreme Court declined to recognize a substantive right within the Fourteenth Amendment "to be free from prosecution except on the basis of probable cause." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S. Ct. 807, 812, 127 L. Ed. 2d 114 (1994). However, "[w]hether the Fourteenth Amendment's procedural due process component ensures a right to be free from malicious prosecution is an open question." *Jones v. York*, 34 F.4th 550, 564 n.8 (7th Cir. 2022).

In the Seventh Circuit, "detention without probable cause violates the Fourth Amendment 'when it precedes, but also when it follows, the start of legal process in a criminal case.'" *Lewis v. City of Chicago*, 914 F.3d 472, 474 (7th Cir. 2019) (quoting *Manuel v. City of Joliet*, 580 U.S. 357, 367, 137 S. Ct. 911, 918, 197 L.Ed.2d 312 (2017)). Then, "once a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Manuel*, 580 U.S. at 369 n.8; *see also Kuri v. City of Chicago*, 990 F.3d 573, 575 (7th Cir. 2021) ("the Fourth

9

Amendment supplies the basis for [claims of wrongful detention] until the suspect is either convicted or acquitted.").

Here, Smith does not allege that a trial, nor a conviction or acquittal, ever occurred. The only facts he asserts in support of his claim concern events that took place from the initial investigation until the dismissal of the claims against him. Under existing precedents, the Fourteenth Amendment was never activated, and the Fourth Amendment provides the applicable remedy. The Court grants Defendants' motion to dismiss Count III.

### IV. Count IV: State Law Claim—Intentional Infliction of Emotional Distress

A cause of action for intentional infliction of emotional distress ("IIED") under Illinois law requires Smith to show that (1) the conduct involved was truly extreme and outrageous; (2) Detective Defendants either intended that the conduct inflict severe emotional distress or knew that there was at least a high probability that the conduct would cause Smith severe emotional distress; and (3) the conduct did cause Smith severe emotional distress. *McGrath v. Fahey,* 126 Ill. 2d 78, 86, 127 Ill.Dec. 724, 533 N.E.2d 806 (1988). The more control a defendant has over a plaintiff, the more likely that defendant's conduct will be deemed "outrageous." *Id.*

In their reply, Defendants reraise an argument made in their motion to dismiss Smith's original complaint: that Smith's IIED claim is time-barred by the statute of limitations. (Dkt. 30) at *9–10. The Court previously found that it was "unclear" in the original complaint whether the allegations "would support an IIED claim within the one-year statute of limitations period." (Dkt. 19) at *10. Defendants argue that the Complaint, as amended, still fails to support such a claim.

The statute of limitations may be raised as an affirmative defense, *see* Fed. R. Civ. P. 8(c), but may also be disposed of through a Rule 12(b)(6) motion to dismiss. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Defendants did not raise a statute of limitations affirmative defense in their opening brief in support of the instant motion. The Court must acknowledge that this is procedurally deficient.

An affirmative defense must be raised in the opening brief to allow plaintiffs an adequate opportunity to respond. *See Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir.1997) (holding that the district court erred in allowing defendant to raise affirmative defense in their summary judgment reply, as this gave plaintiff inadequate notice of the defense); *Hentosh v. Herman M. Finch Univ. of Health Sci./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir.1999) (finding argument that claims were time-barred was "not raised in an opening brief" and therefore "waived.").[3]

Although Defendants' assertion is untimely, a court has authority to *sua sponte* dismiss a claim if the applicability of the statute of limitations is "so plain from the language of the complaint … that it renders the suit frivolous." *Terry v. Spencer,* 888 F.3d 890, 894 (7th Cir. 2015); *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (holding that a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations). A plaintiff is not required to plead compliance with an applicable statute of limitations. *See Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012) ("Complaints need not anticipate defenses and attempt to defeat them"). Therefore, dismissal based on failure to comply with a statute of limitations is appropriate only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" and "plainly reveal" that the action is untimely. *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005).

In Illinois, IIED claims are governed by a one-year statute of limitations. 745 Ill. Comp. Stat. 10/8–101. Smith alleges that he was arrested on December 12, 2013, but he did not file this lawsuit until 2024. *See* (Dkt. 1). The Seventh Circuit instructs that an IIED claim "in the course of an arrest and prosecution accrues on the date of the arrest." *Bridewell v. Eberle,* 730 F.3d 672, 678 (7th Cir. 2013). This applies "even where the distress alleged is 'intertwined' with a claim for malicious prosecution." *See Friends-Smiley v. City of Chi.*, No. 16-cv-05646, 2016 WL 6092637, at *2 (N.D. Ill. Oct. 19, 2016)

---

[3] The Court notes that Defendants raised an identical defense to Smith's original complaint, which Smith was granted leave to amend. The Court articulated in its Opinion and Order on Defendants' first motion to dismiss what Smith must show to state an IIED claim that falls within the limitations period under Seventh Circuit law. *See* (Dkt. 19).

11

(Guzmán, J.) (collecting cases). However, Courts in this District have found that "a new IIED claim could arise based on events after an initial injury where there is an allegation that the defendants acted with a 'freshly formed intention to cause emotional distress.'" *See Hill v. City of Chicago*, No. 13-cv-04847, 2014 WL 1978407, at *3 (N.D. Ill. May 14, 2014) (Ellis, J.) (citing *Bridewell*, 730 F.3d at 678).

Smith does not allege that Detective Defendants took any such action. The most favorable interpretation of Smith's allegations is that the Detective Defendants had bad intentions in their arrest and investigation of Smith, and that their bad intent continued until all charges against him were dismissed in August 2023. But the Seventh Circuit rejected the position that IIED is a continuing tort. *See Bridewell*, 730 F.3d at 678 ("The idea that failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law—or in federal law either.") (citations omitted).

The Court finds that Smith's IIED claim accrued on the date of his arrest on December 12, 2013. Smith was required to bring any such claim within one year. Accordingly, the Court grants Defendants' motion to dismiss Count IV.

## V.    Counts V–VI: Negligent Infliction of Emotional Distress and Willful and Wanton Conduct

In his opposition brief Smith purports to voluntarily dismiss Counts V–VI "[b]ased on … review of Defendant's Motion and review of the law." (Dkt. 27) at *11. Absent a notice of dismissal by Smith or stipulation by all parties, claims may be dismissed voluntarily "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court grants Defendant's motion to dismiss Counts V–VI.

## VI.    Count VII: *Respondeat Superior*

Smith attempts to state a claim against the City of Harvey pursuant to the doctrine of *respondeat superior*. The attempt fails because *respondeat superior* is not itself a cause of action, but a theory of liability. *See Wilson v. Edward Hosp.*, 981 N.E.2d 971, 980 (Ill. 2012) (holding that actual agency and apparent agency are not causes of action separate and distinct from an underlying negligence claim

12

because "vicarious liability is not itself a claim or cause of action"); *see also Jones v. UPS Ground Freight, Inc.*, No. 15-cv-07991, 2016 WL 826403, at *3 (N.D. Ill. Mar. 3, 2016) (Feinerman, J.) (dismissing *respondeat superior* claim because "*respondeat superior* is not by itself a cause of action" under Illinois law). The Court grants Defendant's motion to dismiss Count VII.

### VII. Count VIII: Indemnification

Smith also brings an indemnification claim against the City of Harvey, alleging that under Illinois law "public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities." (Dkt. 20) ¶ 104. Because no state tort claims remain against the Detective Defendants, Smith's claim is moot. The Court therefore grants Defendant's motion to dismiss Count VIII.

### VIII. Detectives Barbee and Crocker

Defendants argue that remaining counts against Detectives Barbee and Crocker should be dismissed for lack of any factual allegations pertaining to them individually. Under § 1983, an individual is only liable for his or her own misconduct. *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015). In some cases, however, "a plaintiff may be forced to employ limited group pleading in § 1983 suits alleging police officer misconduct where the plaintiff cannot 'specify which individual committed which parts of the alleged misconduct before the benefit of discovery.'" *Jordan v. City of Chi.*, No. 20-cv-04012, 2021 WL 1962385, at *2 (N.D. Ill. May 17, 2021) (Gottschall, J.) (citing *Kuri v. City of Chicago*, No. 13-cv-01653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (Gottschall, J.)). Under those circumstances "allegation[s] directed at multiple defendants can be adequate to plead personal involvement." *See Rivera v. Lake Cnty.*, 974 F. Supp. 2d 1179, 1194 (N.D. Ill. 2013) (Leinenweber, J.); *see also Karney v. City of Naperville*, No. 15-cv-04608, 2016 WL 6082354, at *7 (N.D. Ill. Oct. 18, 2016) (Leinenweber, J.) (motion to dismiss may be denied "in cases

involving complaints against only a few defendants where the alleged facts plausibly suggest a basis for holding each of the defendants personally liable").

While fair notice does not to require a plaintiff to "connect every single alleged instance of misconduct in the complaint to every single specific officer," *see Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013) (Chang, J.), a complaint must contain details sufficient to put defendants on notice of what acts they are alleged to have committed. *See Lattimore v. Vill. of Streamwood*, No. 17-cv-08683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018) (St. Eve, J.) (granting motion to dismiss where plaintiffs alleged specific acts by only one defendant officer, but "fail[ed] to identify what the other Defendant Officers did or did not do in relation to their constitutional claims"); *see also Watkins v. S. Suburban Major Crimes Task Force*, No. 24-cv-03555, slip op. at 4 (N.D. Ill. Apr. 18, 2025) (Harjani, J.) (dismissing claims as to movant officers where allegations of specific misconduct related to only two defendants, and remainder of allegations concerning plaintiff's arrest, detention, and prosecution were directed at "Defendant-Officers" as a group).

Throughout the Complaint, Smith refers generally to "Harvey Police" and "Defendant Officers." Detective Barbee is named only to allege that he was at all relevant times an employee of the City of Harvey and acting within the scope of his employment. (Dkt. 20) ¶ 38. As to Detective Crocker, Smith only alleges that Detective Crocker took DNA swabs from the interior of the abandoned vehicle and fingerprint cards. (Dkt. 20) ¶ 12. But the plausibility requirement "asks for *more than a sheer possibility* that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 678. (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955) (emphasis added). Smith does not allege particularized misconduct by Detectives Barbee and Crocker from which the Court can draw a reasonable inference that Detectives Barbee and Crocker are individually "liable for the misconduct alleged." While it may not be necessary to allege each officer's exact role, the sparse allegations against

14

Detectives Barbee and Crocker are not sufficient to support a § 1983 claim. Without an underlying constitutional violation, the conspiracy claim cannot be sustained either.

To justify naming Detectives Barbee and Crocker as defendants, Smith claims in his opposition brief that "based on the reports prepared by the officers, [he] knows the identity of all the officers involved who had some involvement in fabricating the false story, creating the reports, and communicating the false stories to prosecutors," (Dkt. 27) at *4, and that discovery is necessary to ascertain the nature and extent of their involvement. If that is the case, the Court finds it appropriate for Smith to file a second amended complaint including any information available to him concerning the personal involvement of Detectives Barbee and Crocker.

Accordingly, the Court dismisses Counts I and II against Detectives Barbee and Crocker without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [24]. Plaintiff is granted leave to file a second amended complaint within 21 days if he has a good faith basis for believing he can cure the deficiencies identified in this opinion.

**IT IS SO ORDERED.**

Date: 11/19/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

15