**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARQUE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HARVEY, DET. J. CROCKER, DET. G. THOMAS, DET. L. BARBEE DEPUTY CHIEF BANKS, DET. ESPARZA, DET. WRIGHT, DET. OSTROWSKI, and UNKNOWN OFFICERS in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-cv-03611<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marque Smith brings claims against the City of Harvey and police officers Detective[1] G. Thomas, Detective J. Crocker, Detective L. Barbee, Deputy Chief Banks, Detective Esparza, Detective Wright, Detective Ostrowski and other unknown officers in their individual capacities. Smith alleges constitutional violations under 42 U.S.C. § 1983 relating to what he alleges was a maliciously false imprisonment for two years. The Court previously adjudicated two motions to dismiss. *Smith v. City of Harvey* (*Smith I*), 2025 WL 437889 (N.D. Ill. Feb. 7, 2025); *Smith v. City of Harvey* (*Smith II*), 2025 WL 3228933 (N.D. Ill. Nov. 19, 2025). Smith timely filed a second amended complaint following the resolution of Defendants' second motion to dismiss, and Defendants have now filed a third motion to dismiss. Dkt. 45.

[1] Defendants' motion to dismiss states that none of the named individuals are detectives, and that their proper title is "officer." But because the Court must take Plaintiff's plausible allegations as true, the Court will refer to the Individual Defendants (except for Deputy Chief Banks) as detectives for the purpose of resolving this motion.

The Court grants the motion in part and denies it in part. Defendants Crocker, Barbee, Esparza, Ostrowski, and Wright are dismissed from the case with prejudice; but Counts I, II, and III may proceed against Defendants Thomas and Banks.

## BACKGROUND

The Court presumes familiarity with the facts as outlined in its November 19, 2025 ruling, which granted in part and denied in part Defendants' second motion to dismiss. As always on a motion to dismiss, all facts drawn from the complaint are presumed true unless otherwise indicated.

On December 1, 2013, Harvey Police, including Defendant Crocker, responded to a car crash where the driver, Aileen Lloyd, told police that two Black men in a 2009 black Jeep shot at her, striking her twice. The shooters abandoned the Jeep and fled on foot. At the scene, Harvey Police found shell casings. Inside the abandoned Jeep, the police found an ID belonging to Gregory Roper. When Defendants Thomas, Banks, Crocker, Esparza, Wright, and Ostrowski located and arrested Mr. Roper, they found a pistol of the same model as the gun that was used to shoot Ms. Lloyd. However, Mr. Roper was never arrested or charged in connection with the shooting. Smith alleges that Thomas, Banks, Crocker, Esparza, Wright, and Ostrowski intentionally withheld exculpatory evidence from the prosecutors.

Days later, Lloyd told the investigating officer, Defendant Thomas, that she'd overheard people discussing the shooting and brought police a photo of someone she suspected could be the shooter. Separately, Thomas claimed an anonymous tipster had named Plaintiff Marque Smith as one of the shooters, and officers told Lloyd that Smith was the person she was looking for. Officers arrested Smith on December 12, 2013. Thomas and Banks then created a flawed and suggestive line up in which Smith was the only participant with long hair. Lloyd identified him as one of the shooters. Smith was subsequently charged with several counts of Attempted Murder and Aggravated Battery with a Firearm.

Five days after the arrest, due to an anonymous tip, Detective Banks found a Glock 40 handgun under the seat of the squad car that had transported Smith, although its shell casings didn't match those from the shooting scene. On April 9, 2014, about five months after Smith's arrest, Lloyd recanted her identification to police and prosecutors. Nevertheless, on May 29, 2014, Smith was charged with additional counts of unlawfully possessing a firearm in a vehicle. Smith alleges that the evidence was fabricated.

Smith remained in police custody for two years before he was able to post bond. The charges against Smith for attempted murder and aggravated battery were dismissed on May 26, 2022. The unlawful use of a weapon and all related charges against Smith were dismissed on August 24, 2023. Smith now brings this action against Defendants for violating his constitutional rights under § 1983.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. See *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Smith's second amended complaint accuses all Defendants of malicious prosecution, conspiracy to violate Smith's constitutional rights, and deprivation of due process. Defendants move to dismiss all counts of the complaint as merely alleging a negligent investigation. Additionally, defendants claim that Count III should be dismissed because the plaintiff has a hybrid substantive due process claim. Lastly, defendants claim that all Counts against Officers Barbee, Crocker, Banks, Esparza, Ostrowski and Wright should be dismissed because Plaintiff did not sufficiently plead factual allegations. To determine individual liability, the Court will assess the sufficiency of the allegations against each Defendant within each count.

### I. City of Harvey

All parties agree that the City of Harvey is not a proper defendant. Accordingly, all claims against the City of Harvey are dismissed with prejudice.

### II. Malicious Prosecution (Count I)

To state a claim for malicious prosecution under 42 U.S.C. § 1983, Mr. Smith must demonstrate that (1) the suit or proceeding was "instituted without any probable cause"; (2) the "motive in instituting" the suit "was malicious," which is often defined in this context as being without probable cause and for a purpose other than bringing the defendant to justice; and (3) the prosecution "terminated in the acquittal or discharge of the accused." *Thompson v. Clark*, 596 U.S. 36, 44 (2022). It is difficult to bring a malicious prosecution case against police officers, because it is a state's attorney, not police officers, who makes the decision to charge a suspect. *See Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). However, courts in this District have upheld malicious prosecution claims against police officers where plaintiffs alleged that defendant officers "concealed evidence" that was "inculpatory" to another suspect and "exculpatory" to the plaintiff, "which, therefore, influenced the

prosecutor's decision to indict [the] plaintiff." *Smith II* at *3 (citations omitted); *see also Williams v. City of Chicago*, No. 22-cv-03773, 2023 WL 6388891, at *9 (N.D. Ill. Sept. 29, 2023) (Jenkins, J.) (an officer "might be liable if he knowingly… conceals exculpatory information… [or] engages in wrongful or bad-faith conduct instrumental in the initiation of the prosecution").

This Court previously found that Smith has adequately alleged a claim for malicious prosecution. *See Smith II* at *2–4. Specifically, the Court found that "one could infer that the information withheld" from the state's attorneys by the Harvey Police "would have weighed against indicting" Smith. *Id.* at *4. Although the first amended complaint did not contain sufficient allegations against Crocker or Barbee, *id.* at *7–8, the Court allowed the claim to proceed against Detective Thomas. Nothing in the latest version of the complaint disturbs the Court's finding as to the general adequacy of Smith's malicious prosecution claim or as to the adequacy of the allegations against Thomas. Defendants' general argument that Smith has only alleged a negligent investigation that does not rise to the level of a constitutional violation is therefore unavailing.

Smith's second amended complaint attempts once again to allege a malicious prosecution claim against Detectives Crocker and Barbee. Smith now alleges that Crocker and Barbee interrogated him about the gun allegedly found in the police cruiser, told him that he did not need his attorney, and pressured him to confess to possessing a weapon. Smith further alleges that Crocker collected DNA and fingerprint evidence from the shooter's car that came back negative for any match to Smith, and that he was part of the group that pursued Mr. Roper but failed to charge him with shooting Ms. Lloyd. The Court previously considered Smith's allegations that Crocker collected exculpatory evidence from the car and that he was involved in the pursuit of Mr. Roper, and the Court found that the allegations were insufficient to establish plausible liability against Crocker. *Smith II* at *8. No additional details suggest that the Court should view those allegations as sufficient now. Smith now includes a new allegation—that Crocker and Barbee participated in an interrogation over the gun

found in the squad car—but it similarly falls short of adequately stating a claim. Even drawing every reasonable inference in Smith's favor, these allegations do not establish that Crocker or Barbee knew of any evidence favorable to Smith that either of them concealed from the prosecutors. Indeed, the allegations do not even establish that they were properly part of the investigation, as opposed to officers who helped out with certain tasks. Accordingly, Smith has not stated a claim for malicious prosecution against Crocker or Barbee.

Deputy Chief Banks was added to this case as a defendant in the second amended complaint. Smith alleges that Banks assisted Thomas in conducting the flawed line up where Lloyd identified Smith. Smith also alleges that Banks was part of the group that attempted to arrest the suspected owner of the Jeep involved in the shooting. During the pursuit of Mr. Roper, detectives came across weapons that matched those used during the shooting. Smith claims that Banks gained knowledge of evidence that inculpated other suspects that he then concealed from the prosecutors. In contrast to Barbee and the other officers discussed below, these allegations establish that Banks was heavily involved in the investigation of Smith. Moreover, as a deputy chief, likely a supervisory position, Banks presumptively had a greater knowledge than other officers of the investigation, along with a greater obligation to ensure that the state's attorneys had all the relevant information, good and bad, concerning Smith's alleged involvement in Ms. Lloyd's shooting. *Cf. Cushman v. Vill. of Manteno, Ill.*, No. 95-v-6191, 1996 WL 529362, at *2 (N.D. Ill. Sept. 16, 1996) (Kocoras, J.) ("[T]he public expects the members of its police department to exhibit exemplary behavior, and the Police Chief is held accountable to even higher standards.") Taking Smith's allegations as true and drawing all reasonable inferences in his favor, Bank's actions extend beyond mere negligence investigation and can reasonably represent deliberate actions that influenced the prosecutor's decision to charge Smith.

With respect to Detectives Esparza, Ostrowski, and Wright—all added as defendants in the second amended complaint—Smith alleges only that they were involved in the pursuit of Roper, and

knew of the gun recovered at the scene of his arrest. Smith does not allege particularized misconduct by Esparza, Ostrowski, or Wright. Under § 1983, an individual is only liable for his or her own misconduct. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). In some cases, "a plaintiff may be forced to employ limited group pleading in § 1983 suits alleging police officer misconduct where the plaintiff cannot 'specify which individual committed which parts of the alleged misconduct before the benefit of discovery.'" *Jordan v. City of Chi.*, No. 20-cv-04012, 2021 WL 1962385, at *2 (N.D. Ill. May 17, 2021) (Gottschall, J.). However, a complaint must contain details sufficient to put defendants on notice of what acts they are alleged to have committed. *See Lattimore v. Vill. Of Streamwood*, No. 17-cv-08683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018) (St. Eve, J.) (granting motion to dismiss where plaintiffs alleged specific acts by only one defendant officer, but "fail[ed] to identify what the other Defendant Officers did or did not do in relation to their constitutional claims"). Here, Smith provides no details from which the Court can draw a reasonable inference that the Detectives are individually liable for the misconduct alleged. The complaint does no more than establish the "mere possibility" that Esparza, Ostrowski, or Wright were actively involved in the investigation of Smith or that any of them knew of any favorable evidence that they then concealed. *Twombly*, 550 U.S. at 557. The sparse allegations against these detectives are not sufficient to support a § 1983 claim. Accordingly, the Court grants Defendants' motion to dismiss Count I with respect to Esparza, Ostrowski, and Wright.

In sum, the Court finds that Smith has adequately alleged a claim of malicious prosecution against Defendants Thomas, and Banks. The motion to dismiss is denied with respect to Count I as against them. The motion is granted with respect to Count I as against all other Defendants.

### III. Deprivation of Due Process under 42 U.S.C. § 1983 (Count III)

Defendants argue that Count III should be dismissed because it seeks to combine false arrest and malicious prosecution into a hybrid Fourteenth Amendment substantive due process claim. As

an initial matter, Defendants do not clearly explain why doing so demands dismissal. Defendants cite to Seventh Circuit cases castigating plaintiffs who attempted to combine "what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim." *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009); *see also McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). However, Defendants run into the immediate problem that their cited cases come from before the Seventh Circuit recognized the existence of a Fourth Amendment malicious prosecution claim. Such a claim is now recognized in all circuits following the Supreme Court's reversal of the Seventh Circuit in *Manuel v. City of Joliet*, 580 U.S. 357 (2017), and its further elaboration of the claim in *Thompson*, 596 U.S. 36. Defendants' cited cases in their motion, therefore, provide little authority for dismissing Count III.

Perhaps realizing that their citations were out of date, Defendants switch emphasis in their reply brief. Now, they focus primarily on the argument that due process claims do not exist under the Fourth Amendment. Defendants do not cite any authority for this premise, which is questionable at best, given that it is the due process clause of the Fourteenth Amendment that incorporates the Fourth Amendment against the States. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). But regardless, Defendants' excessive focus on the label applied by Smith to Count III is inappropriate. Federal Rule of Civil Procedure 8(a) requires only that a plaintiff make a "short and plain statement of the claim." It does not require a plaintiff to "identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992); *see also Hatmaker v. Memorial Medical Center,* 619 F.3d 741, 743 (7th Cir. 2010) ("plaintiffs in federal courts are not required to plead legal theories").

The Court previously dismissed Count III because it seemed to make only a Fourteenth Amendment claim, which is not activated absent a trial or conviction. *Smith II* at *5. In the current complaint, however, Smith clearly bases Count III in the Fourth Amendment. While Count III is titled

"deprivation of Due Process," the court looks to the substance of the allegations. Smith argues that Count III "seeks redress for unlawful pretrial detention and invokes the Fourth Amendment as the governing constitutional protection for detention without probable cause." Dkt. 49 at *8. Some of what Smith alleges in Count III is clearly duplicative with the malicious prosecution claim in Count I. *See, e.g.*, *id.* at *7 ("Count III further alleges officers withheld exculpatory evidence from prosecutors…"). However, the two Counts are still distinguishable. Count I alleges that the state's attorneys charged Smith without probable cause because the Harvey Police concealed evidence favorable to Smith. Count III alleges, *inter alia*, that the Harvey Police continued to detain Smith even after they knew that probable cause against him did not exist. Those are separate claims.

The Supreme Court has established that detention without probable cause violates the Fourth Amendment "*when it precedes*, but also when it follows, the start of legal process in a criminal case." *Manuel*, 580 U.S. at 367 (emphasis added). The Seventh Circuit accordingly recognizes that allegations of officers fabricating evidence or withholding exculpatory information to secure pretrial detention can meet a Fourth Amendment claim. *Lewis v. City of Chicago*, 914 F.3d 472, 474–75 (7th Cir. 2019). It is true that "police officers have no duty to investigate extenuating circumstances or search for exculpatory evidence once probable cause has been established[.]" *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006) However, should the police nevertheless become aware of exculpatory evidence, then "The continuation of even a lawful arrest violates the Fourth Amendment when the police discover additional facts dissipating their earlier probable cause." *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986); *see also Hull v. City of Chicago*, No. 13-cv-1563, 2014 WL 5024141, at *4 (N.D. Ill. Oct. 7, 2014) (St. Eve, J.) (applying *BeVier*); *Franklin v. Askew*, No. 19-cv-04375, 2022 WL 17093358, at *4 (N.D. Ill. Nov. 21, 2022) (Tharp, J.) (same).

Smith expressly challenges the specific fabrication and concealment of evidence used to deny his constitutional right to be free from unlawful pretrial detention under the Fourth Amendment.

Smith specifically alleges that Thomas fabricated evidence, and that he and Banks both conducted a flawed lineup and concealed exculpatory evidence to sustain his pretrial detention. Here, even assuming *arguendo* that Smith's arrest was lawful,[2] the fact that Thomas and Banks allegedly knew of the exculpatory and/or fabricated evidence raises a reasonable inference that they knew that probable cause against Smith no longer existed. Their oversight of the allegedly flawed police line-up also suggests that they believed that inculpatory evidence against Smith needed to be manufactured, because the existing evidence was no longer sufficient.

The same cannot be said of the other Defendants. The closest is Crocker, who presumably knew that there was no evidence that Smith was in the car involved in the shooting. However, even drawing every reasonable inference in Smith's favor, that is not enough to establish that Crocker had sufficient knowledge of all the evidence against Smith to conclude that probable cause no longer existed. None of the other Defendants are alleged to have anywhere near the requisite level of knowledge of Smith case to make any determination as to probable cause.

In sum, the Court construes Count III to allege a Fourth Amendment claim for detention without probable cause, as distinguished from the Count I claim that Mr. Smith was charged without probable cause owing to alleged concealment of favorable evidence from the prosecutors. Under that understanding of Count III, the Court finds that Smith has successfully stated a claim against Thomas and Banks, but not against the other Defendants.

## IV. Conspiracy under 42 U.S.C. § 1983 (Count II)

In its previous order, the Court found that Smith had adequately stated a claim for conspiracy under § 1983 in general and specifically with respect to Defendant Thomas. *Smith II* at *4–5. As with the malicious prosecution claim, the Court sees no basis for disturbing those findings. With respect

[2] Smith declares that Count III is not a claim for false arrest. Dkt. 49 at *8.

to all Defendants other than Thomas, the Court observes that, under § 1983, a conspiracy claim "is not an independent basis for liability" and "requires that the plaintiff show an underlying constitutional violation." *See Fulton v. Bartik*, 547 F. Supp. 3d 799, 817 (N.D. Ill. 2021) (Lefkow, J.) (citing *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008)). Because the Court has not found a plausible allegation that Crocker, Barbee, Esparza, Ostrowski, or Wright violated Smith's rights, there is no basis to find that he has alleged a plausible claim for conspiracy against those Defendants.

With respect to Banks, Smith must plausibly allege that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). In its previous order, the Court found that "Smith refers to allegations specifying the parties (Known and Unknown Harvey Police Officers), general purpose (to try and get Plaintiff convicted rather than admit their mistakes), and the approximate date of the conspiracy (Dec 5, 2013 to August 2023)." *Smith II* at *5 (internal quotation marks and citations omitted)). Those details were sufficient to allege Thomas's involvement in the conspiracy then, and they are sufficient to allege Bank's involvement in the conspiracy now. Those details are sufficient to put Detective Defendants on notice of Smith's conspiracy claim, and Smith was not required to plead with more specificity to survive a motion to dismiss. *See Hoskins v. Poelstra*, 320 F.3d 761, 765 (7th Cir. 2003) (conspiracy is not among matters that "must be pleaded with particularity"); *see also Lakefront Pictures, LLC v. Ancel*, No. 24-cv-01108, slip op. at 6 (N.D. Ill. Aug. 18, 2025) (Cummings, J.) (allegations that identified the parties, general purpose, and approximate date of the conspiracy were sufficient to survive a motion to dismiss); *Williams v. Metra Police Dep't*, No. 21-cv-02347, slip op. at 5 (N.D. Ill. Apr. 30, 2025) (Wood, J.) (similar). Therefore, the Court denies the motion to dismiss with respect to Count II as against Thomas and Banks, but grants the motion with respect to Count II as against all other Defendants.

### V. Dismissal with Prejudice

Putting the previous sections together, the Court finds that Smith has stated a claim under all three Counts as to Defendants Thomas and Banks, but that Smith has failed to state any claim against all other Defendants. Accordingly, the Court dismisses the City of Harvey and Detectives Crocker, Barbee, Esparza, Ostrowski, and Wright as Defendants. Moreover, these dismissals are with prejudice. Having now adjudicated the adequacy of Mr. Smith's allegations on three separate occasions, the Court believes it is long past time for this case to move into discovery. *See Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (dismissal with prejudice is appropriate after several amendments).

## CONCLUSION

The Court grants in part and denies in part Defendants' motion to dismiss [45]. The Court dismisses with prejudice all claims against Defendants City of Harvey, Crocker, Barbee, Esparza, Ostrowski, and Wright. The Court denies the motion as to Defendants Thomas and Banks.

**IT IS SO ORDERED.**

Date: 9/30/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge